McGREGOR v. McGREGOR.

Divorce—Division of Property.

> Division of property, under decree of divorce to wife, giving to
> her unusually large proportion is not disturbed, on appeal,
> where Supreme Court is unable to say that circuit judge
> erred in distribution, and record supports wife's claim that she
> acquired property through her own efforts.

Appeal from Wayne; Toms (Robert M.), J. Submitted April 15, 1932. (Docket No. 131, Calendar No. 36,459.) Decided June 6, 1932.

Bill for divorce by Minerva McGregor against John A. McGregor. Cross-bill by defendant. Decree for plaintiff. Defendant appeals. Affirmed.

*Donald I. Albaugh,* for plaintiff.

*Arthur A. Koscinski* and *Robert J. Wojcinski,* for defendant.

Fead, J. This is a suit for divorce. Plaintiff had decree. The question here is on the division of the property.

The parties own five pieces of real estate. Two are income properties, not in good condition, partly rented and there is difficulty in collecting the rents. Three are vacant lots, on one of which there is purchase price of $1,138 unpaid, the equity being $2,538. The parties also have about $2,900 in cash.

The court decreed the income properties, valued at $18,000 to $19,000, to plaintiff, and the three va-

cant properties, valued at about $5,000, and $2,500 in cash to defendant.

The testimony is in sharp and irreconcilable conflict upon the purchase of the real estate and the saving of the money. Defendant claimed he worked steadily, gave his wife the earnings, and the properties were purchased from his money. Plaintiff denied that defendant made regular or even reasonable contributions to household expenses, claimed she earned money as a seamstress to keep the house, educate the children, and purchase the real estate. She is corroborated by the testimony of the children, one of whom is a physician, and the other is attending college. Neighbors and others supported to some extent the claims of the respective parties.

The division of property is quite unusual in the proportion given the plaintiff. However, the printed record strongly favors plaintiff's claims to having acquired it through her own labors and efforts and we cannot say that the circuit judge, who saw the witnesses, erred in the distribution.

Decree affirmed.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.